Good morning, Your Honors. Timothy A. Canning for Appellant Robert Knight, and also with me in the courtroom is Mr. Knight himself. This is an action by Mr. Knight in order to set aside an arbitration award that was entered in a NASD arbitration proceeding. Mr. Knight seeks to vacate that arbitration award on essentially three separate grounds, and each are independent grounds, so they are related to some extent. The first ground is that the arbitrators manifestly disregarded California statutory law in the way that it applied the statute of limitations in dismissing Mr. Knight's case. The provisions of the California Code of Civil Procedure on which the arbitrators relied in dismissing Mr. Knight's case expressly by statutory language apply only to actions. In those actions, the term action is also defined in the California Code of Civil Procedure as to apply only to judicial proceedings. There is authority from California state courts to the effect that an action does not encompass administrative proceedings, for example, and those authorities are cited in our brief. In addition, there was a recent case from California that was decided in our supplemental authorities letter, which held that the term action as used in the California Code of Civil Procedure does not include arbitration for the purposes of the less pendants law. That case was very briefly in our supplemental authorities letter. It's Manhattan Loft versus Mercury Liquor. But don't the panel course preparation guide in the arbitrator's manual specifically reference States and Federal statute of limitations to the claims? They do, Your Honor, and that's one of the distinctions, I think, that need to be drawn here is that both in the arbitrator training guide, the arbitrator manual, as well as in the arbitration code that was in effect at the time, it refers to applying statute of limitations, but it doesn't say which statute of limitations. And, in fact, in the NASD code, the code of arbitration procedure that was in effect at the time, the phrase that appeared is applicable statute of limitations. So that doesn't really answer the question as to which statute of limitations can apply. I thought it specifically said that State statute of limitations may apply. They don't say in the training manual, I believe they use the word State statute of limitations. But in California, for example, if I may, there's a number of different statutes of limitations. There are some that are contained in, for example, the California Corporations Code, which would apply to securities actions, or essentially actions under the State blue sky law. And those are not restricted in the same sense that the California Code of Civil Procedures restricted. The California the statute of limitations found in the California Code of Civil Procedure are specifically limited to actions, but we don't see that in other parts of the California Code. So under the rules that establish this arbitration system, is there anything in those rules that specifically deals with statute of limitations? Apart from the training manual. Apart from the training manual, the NASD has revised the code, so I'm referring to the code at the time it existed when Mr. Knight's claim was pending. There is one provision. It's called Rule 10304. It's a what's popularly referred to as the 6-year rule. It's essentially it imposes an eligibility requirement saying that you cannot file an arbitration claim if the events or occurrences occurred more than 6 years ago. In connection with that rule, and that is, that rule is, it's in the excerpts of records at page 39. There is a phrase that says the 6-year rule does not extend applicable statute of limitations, but it doesn't say that arbitrators must apply or even that arbitrators can apply any statute of limitations. All that is, as we suggested in our briefs, that is just to be clear that the 6-year eligibility period doesn't impact any statute of limitations, but it doesn't say these statute of limitations. It does say, you know, you're right, you're right when I, this rule shall not extend applicable statute of limitations. And the issue is, well, what are applicable statute of limitations? It doesn't mean that arbitrators have the ability to pull. And you're, well, what, in your view, what is an applicable statute of limitation? In my view, an applicable statute of limitations would be one that is a statute of limitations that applies to the substantive right that's being asserted, sometimes referred to as statute of repose. We don't, the California courts don't really use that phrase very often, but essentially it terminates a right if the right's not asserted in time, whereas the statute of limitations that are found in the California Code of Civil Procedure, they don't terminate those rights. All they're saying is that now you can no longer use our forum of State courts to assert your breach of contract right. And that's what we suggest is the express purpose behind having those statute of limitations contained in the Code of Civil Procedure as opposed to the statute of limitations that might be found in the Corporations Code, for example, or even in the Civil Code for California. So the arbitrators, you know, they determined that they could invoke the statute of limitations. The arbitrators had the authority to apply applicable statute of limitations. And the question is, what are the applicable statute of limitations? And here what we're arguing is that the arbitrators exceeded their authority by manifestly disregarding the law and applying the statute of limitations that are found in the Code of Civil Procedure, because those are the statute of limitations that are expressly restricted to judicial actions, not to arbitrations as well. I would also like to spend a moment discussing a recent Ninth Circuit case, and this regards the also the application of the manifest disregard standard. That was the Comedy Club case, again, also which is cited in our supplemental brief. The Comedy Club case was a Ninth Circuit case which essentially reaffirmed that manifest disregard is a valid grounds to challenge an arbitration award, an arbitration award in the Ninth Circuit. What's interesting about that case in particular is how the Court also handled the manifest disregard claim that was being asserted. The party challenging the arbitration award had asserted a number of different claims, but one of them was also manifest disregard. And that is the one ground on which the Court in that opinion vacated the arbitration award. Essentially, the arbitrators had found that a covenant not to compete was valid and enforceable. The Ninth Circuit took a look at that and said, well, under California law, it's not enforceable, on both statutory law and as well as case law. And the phrasing that they used, I think, was very instructive in this particular matter as well. The Court said that there's a manifest disregard of law because the reasons that were given by the arbitrator were fundamentally incorrect, and that's the reasons that were given by the arbitrator in enforcing the covenant not to compete. The Court also observed that it's not in the province of arbitrators to make a ruling that was so at odds with case authority from the California Court of Appeals. And that's a situation that we have here, especially when we talk about the difference between the four-year statute of limitations for a breach of written contract or breach of an obligation that is founded upon a written instrument versus the two-year period which the arbitrators implied. The arbitrators here expressly recognized that Mr. Knight was asserting a claim from an implicit obligation arising out of his employment agreement. Well, under California law, it's clear and well established that an obligation arising out of an instrument in writing is subject to the four-year statute of limitations, not the two-year statute of limitations. Alito I didn't interpret the panel's decision that way. I interpreted it saying, listen, the written agreements are at will, so this can't be based on a written agreement. It must be based on an oral, and that's why they applied the two. My understanding of the way the arbitrators worded their decision was that it was the arbitrator, unfortunately, uses the word implicit obligation. And to me, that, when you say an implicit obligation arising out of an agreement, it's referring to the written employment agreement. There was no other agreement between the parties other than this written employment agreement. And from that, there would be no basis for the arbitrators to find an implicit obligation arising from somewhere else or from some other source. It had to have been from that written employment agreement. Well, hypothetically, it could be from an oral promise. Correct. But there was no evidence whatsoever presented of any oral promises as such. It was strictly the written employment agreement as well as the employee manual as well that we were referring to as providing part of the part and parcel of the written employment agreement. And so even if the California Code of Civil Procedures sections on statute of limitations could apply in arbitration, we suggest that the arbitrators manifestly disregarded the law in applying this particular and how they applied this particular statute of limitations. Would you like to save some time for rebuttal? Yes, I would. Thank you. Thank you. Thank you. Good morning, Your Honors. Last but not least this morning, hopefully not least anyway. We're still on, you know, with it. My name is Michael Fortunato. I'm here on behalf of Merrill Lynch, Pierce, Fenner, and Smith, Incorporated. And, Your Honors, Mr. Knight has been very consistent in raising three points. One, and he has from the moment that the arbitrators first began to process their thinking on this case, which is, A, the statute of limitations don't apply. Even if the statute of limitations do apply, I get a four-year statute of limitations, not a two-year statute of limitations. And three, you have to hold a hearing in connection with this proceeding if you're going to consider a dispositive motion. And the arbitration panel did exactly that. After getting, in December of 06, Mr. Knight's application, they held a hearing, not one, two, they held a hearing in January in which they then afforded him additional opportunities to identify the particular writing that he was relying on to enlarge the statute of limitations beyond the two-year period of time under California law. When the written materials were submitted, the arbitration panel then considered those written materials, held a second hearing in May in which the parties were represented by counsel. They made their arguments, the documents were considered, and the panel did exactly what it said it did in its panel. It said, well, we believe that under the code, 10304, A, arbitration is a matter of contract. As a matter of contract, the NASD code of arbitration procedure applies to this dispute. This particular provision of the code, 10304, says that the eligibility rule doesn't enlarge statutes of limitation, but this rule shall not extend applicable statutes of limitation. We believe, we the panel believe, that the two-year statute of limitations bumps out most of the claims because it was brought just a hair under four years after the termination of his employment. And as for your written agreement, we see what you're saying. However, we believe that the express language of the agreements you're relying on are contrary to the implicit promises you're asking us to find. We believe it's either in writing or it's implicit. Here, it must be implicit because your implicit promises are contrary to the express promises. We're going to apply it to your statute of limitations, and we're going to dismiss your claims. Now, what is the standard of review for this court, de novo? The standard of review is A, under the FAA, and this court, and Hall Street, and in Kiyosera, has basically made it perfectly clear. And we believe that the vacater standards are the statutory provisions within 9 U.S.C. Section 10, A, 1, 2, 3, and 4. And that to the extent there is this manifest disregard, that maybe is just an explanation for what is in what is part 10A4, whether the arbitrators exceeded their authority. So your standard of review is whether the arbitrators have exceeded their authority. And what does that mean? Even if you engraft onto that manifest disregard of the law, it simply means that the arbitrators knew the law, they were aware of the law, and they chose to ignore it. But as Judge Conte said below, the exact opposite happened here. All three points that were just raised to you as the salient points on appeal were brought to the arbitrators up front, and they took in Mr. Knight's law, they considered what it was he had to say, they applied the law, they said what they were looking at, they said how they were applying it, and then they dismissed the case. Whatever that is, that's not manifest disregard of the law. That's actually quite the contrary. So the point that Mr. Knight would like this Court to adopt is that under the California Civil Code, Section 22, first, that the State statute of limitations don't apply. Well, the Code simply says that the Code simply says that a civil action, an action is an action in a court of justice. But what is arbitration? Arbitration is a substitution for that court of justice. And that's what the parties agreed to, that the employment decisions by being a member of the firm and employed by a broker-dealer, that as a member, as a member, a registered representative with a member firm, he would arbitrate his employment disputes. What happens from that, then, is the Code of Arbitration pre-dispute says that the panel will – well, it doesn't expressly say that the panel will apply statute to limitation, but it doesn't say that they won't apply statute to limitation. That's the parties' agreement to arbitrate. But then what is the sort of history around that or the additional documents that the arbitrators are provided? One is the training manual, which is part of the record, the excerpts of record. I think at 193, the training guide specifically gives the arbitrators guidance on applying both Federal and State statutes of limitation. So whatever it is that – whatever it is that even Mr. Knight believes, the Code says, California Code section 22, that arbitrators ought not apply what are otherwise applicable statutes of limitation. And make no mistake about it, the statutes of limitation that the panel applied were the statutes of limitation that applied to his cause of action that he brought under California. And the statutes of limitation, this Court has said, are substantive law, not just procedural law. But the panel applied those particular statutes of limitation, and the question really for the Court just becomes this. Not whether they were right or wrong, but did they manifestly disregard the law in that these particular provisions of the statute will apply to these particular causes of action? And the answer has to clearly be no. In fact, Judge Conte again says, well, I – he affirmatively found below, and I don't know that it was necessary for him to do that, but he affirmatively found below that statutes of limitation under the California Code do apply to arbitrations. And why? Because you're – you're basically vindicating the same rights. A civil action is defined under the Code as – as a party either prosecuting or seeking protection and redress for a civil wrong. Now, this wasn't an administrative proceeding. It wasn't a disciplinary proceeding. It wasn't a criminal proceeding. By all accounts, it was a civil action, small c, small a. Well, under a civil action, there are particular statutes of limitation under the Code that apply. As for the other arguments that – that are in the briefs but weren't really spoken to during oral argument, getting a hearing, Mr. Knight concedes in his briefing to this Court that he was heard. He says, I just didn't get a hearing. Well, I think that's an elevation of form over substance, but again, when you wrap it in the blanket of is this manifest disregard of the law, the answer is the panel knew what his argument was, I'm entitled to a hearing. Unlike the other cases that he relies on for some sort of support for his position, there was no denial of evidence. He was given additional discovery. He was given additional period of time to brief the issue. He was given additional period of time to seek discovery from Merrill Lynch as to the written agreements that he was relying on. And the only written agreements that he came up with were the employment agreement that expressly contains a net will provision and a firm policy that expressly contains a net will provision. So the panel that said, no matter how you slice the bologna on those issues, we don't see that your implied promise could possibly undermine the expressed language. But he was and he was afforded an additional opportunity to argue that particular issue. So at the end of the day, what you had is, you know, two hearings, additional discovery, additional briefing, additional opportunities to be heard. And I ask the Court just to take Mr. On that particular issue, take Mr. Knight for his word that he was heard, but his belief was he didn't get a hearing as that was technically required under the code. Once again, however, the standard review is the panel believed it had afforded him a hearing using its best judgment in interpreting the NESD code of arbitration procedure, which was the party's agreement to arbitrate. Alitoso, were there any factual disputes? I know there was legal disputes, but were there any factual disputes? Really none, Your Honor. The we hadn't really we hadn't we hadn't dug down at that level into the circumstances related to his termination. If you consider what was on the table at the time was simply the date of his termination was July of 2002, and he asserted the claims in July of 2006. The only real issue at that point was, you know, assuming all the underlying facts were true, is he entitled under California law to bring these claims? And the panel held no. So if there are no further questions from the bench, I appreciate the opportunity. Thank you. I would like to address just a few of the points that were raised by Earl Lynch in their oral argument, if I may. Initially, I'd like to quote directly from the arbitrator's award, because this is exactly what they said regarding this issue of implicit obligations. It's on Excerpts of Record 225. The panel said, Mr. Knight's claim rests on implicit provisions of his employment agreement. I'll stop right there. The only employment agreement that's in the record or that was in front of the arbitrators was the written employment contract and other documents. That's a factual acknowledgment by the arbitrators that they were looking at obligations that arose from an instrument in writing, a document, or the employment agreement. And then the arbitrators, and this is where they re-suggest they manifestly disregard the law. The arbitrators nonetheless conclude implicit agreements are not written agreements and are therefore not within the scope of CCP 337, and 337 is the four-year statute of limitations. And that, we submit, is a manifest disregard of California statute of limitations law, which expressly does provide that implicit obligations that are founded on an instrument in writing are subject to the four-year period. Merrill Lynch suggests that because we made that argument to the arbitrators that now we can't raise it as being a manifest disregard, or there's no way that the arbitrators could have manifestly disregarded that. But if that's true, if that's the standard for manifest disregard, that if we argue a point and the arbitrators go a different way, therefore there's no manifest disregard, there is no manifest disregard standard. And that's directly contrary to the Comedy Club case, the recent Ninth Circuit opinion, which holds that there is manifest disregard. And in that particular case, the facts were that the party challenging the award did, in fact, make the same arguments to the arbitrators. The arbitrators disagreed with them, but nonetheless he was still able to succeed in challenging that portion of the award on manifest disregard grounds. Finally, just as far as this issue of a hearing versus being heard, the NASD code is very specific, at least it was at the time, that claimants were entitled to a hearing, and Mr. Knight was entitled to a hearing as well. And in particular, that portion of the code also refers to the idea of deciding a case based on just documents and evidence, which is what happened here. We had documents, evidence, and arguments of counsel, and that was that. The NASD code is very clear that the arbitrators are not to make those kind of decisions unless all parties have waived their right to be heard, or waived their right to a hearing. As we set forth in our brief, there's a number of different indicia of what constitutes a hearing under the NASD code. And we'll go through all of those again here, but none of those were present in Mr. Knight's case. He was not given an opportunity to have a hearing. And that's not just elevating form over substance, as Merrill Lynch contended. In fact, it's a very crucial portion of arbitration, because arbitration is not another judicial form. Arbitration is something completely different. In arbitration, we have no right to obtain any kind of sworn evidence or sworn testimony prior to the hearing itself. There's no right to a deposition. We don't have interrogatories. We don't have requests for admissions. So when we're presenting issues to the arbitrators, it's crucial that we have the hearing with live witnesses, the ability to cross-examine witnesses, as well as the tape-recorded proceeding. And those type of indicia are just crucial to ensuring that the parties are given a fair hearing in arbitration. And with that, I'll conclude my remarks. If the panel has any additional questions, I'd be pleased to address them. Thank you. Thank you. Knight v. Merrill Lynch, Pierce, Fenner, and Smith is submitted. And that ends our session for the day. Thank you very much, counsel. We appreciate your arguments.
judges: Carney, Goodwin, Paez